IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00886-BNB

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

RICHARD LABER #04066, and
CITY OF DENVER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Sirrlove Williams, currently is incarcerated at the Denver County, Colorado, jail. Mr. Williams filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

Mr. Williams has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Williams is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

On May 11, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Williams to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 19, 2009, Mr. Williams filed an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

The Court must construe the amended complaint liberally because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B) and in part without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994),

Mr. Williams alleges that on November 19, 2008, Defendant Richard Laber, apparently a Denver police officer, arrested him on drug-related charges. He alleges that Officer Laber testified at his preliminary hearing. Mr. Williams contends that his trial is scheduled for May 20, 2009. He makes the vague allegation that he has suffered mentally during his incarceration at the Denver County Jail. He also is suing the City of Denver for Officer Laber's actions.

Mr. Williams' allegation that he has suffered mentally during his incarceration at the Denver County Jail fails because it is not asserted against a specific Defendant and

contains nothing more than vague and conclusory allegations. *See Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988). Mr. Williams also may not sue the City of Denver for Officer Laber's actions. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Williams cannot state a claim for relief under 42 U.S.C. § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Moreover, for the reasons stated below, Mr. Williams may not sue the City of Denver for money damages because Officer Laber arrested him and testified at his preliminary hearing.

If Mr. Williams currently is being prosecuted in state court, this Court may not interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies, even if the state proceedings are ongoing when the federal action is filed, so long as the state action implicates important state interests with which a federal judgment would interfere. *See D. L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (citing *Younger*, 401 U.S. at 54).

If the state proceedings are concluded and Mr. Williams is attempting to recover damages by challenging his conviction, he may not do so. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment

for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Williams does not allege, and nothing in the Court's file indicates, that he has invalidated his conviction. Therefore, the complaint for damages also is barred by *Heck*, and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that for the reasons stated in this order, the complaint is dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and in part without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 28 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00886-BNB

Sirrlove R. Williams
Prisoner No. 1613915
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk